UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY DIGGS,<br><br>        Plaintiff,<br><br>    v.<br><br>SECURITAS SECURITIES SERVICES USA, INC.,<br><br>        Defendant. | Case No. 22-cv-01285-HSG<br><br>**ORDER DENYING MOTION TO REMAND AND GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 4, 7 |

Pending before the Court is pro se Plaintiff Ashley Diggs' motion to remand and Defendant Securitas Securities Services USA, Inc.'s motion to dismiss. Dkt. Nos. 4, 7. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **DENIES** the motion to remand and **GRANTS** the motion to dismiss.

### I. MOTION TO REMAND

In March 2022, Defendant timely removed this case to federal court based on diversity of citizenship. *See* Dkt. No. 1. Plaintiff has moved to remand this case to Santa Clara Superior Court. Dkt. No. 7.

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed" to federal court. 28 U.S.C. § 1441(a). District courts have original jurisdiction over civil actions between citizens of different states in which the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1). To properly invoke diversity jurisdiction, the defendant bears the burden of proving that the parties in the action are completely diverse, meaning that "each plaintiff [is] of a different citizenship from each defendant." *Grancare, LLC v. Thrower by*

1   *& through Mills*, 889 F.3d 543, 548 (9th Cir. 2018).

2       Here, Plaintiff argues that "[r]emand is required because Securitas is a 'Forum
3   Defendant.'" Dkt. No. 7 at 1. Plaintiff further argues that Defendant "has its principal place of
4   business in California . . . ." *Id.* Plaintiff therefore suggests that complete diversity does not exist.
5   *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State . . . by
6   which it has been incorporated and of the State . . . where it has its principal place of business.").
7   Plaintiff appears to acknowledge that she is a citizen of California. *Id.* And in the complaint, she
8   provided a California address for herself. *See* Dkt. No. 1-6 , Ex. D ("Compl."). However,
9   Plaintiff offers no support for her argument that Defendant's principal place of business is in
10  California.

11      In contrast, Defendant explains that it is incorporated under the laws of Delaware and its
12  principal place of business is in Parsippany, New Jersey. *See* Dkt. No. 13-1 at ¶¶ 3–4. Defendant
13  has explained that it is headquartered in New Jersey, and that is where its high-level officers such
14  as the CEO and COO "direct, control, and coordinate core activities and administrative functions
15  of the company including, but not limited to, its business operations, finance, sales, real estate,
16  purchasing, payroll, IT, data protection/cyber security, technology & development, and human
17  resources, and serves as the company's 'nerve center' of overall direction, control and
18  coordination." *Id.* at ¶ 3. Although Plaintiff had an opportunity to file a reply brief in support of
19  her motion to remand she did not do so. The Court therefore has no reason to believe that
20  Defendant's representations about its principal place of business are inaccurate. The Court
21  accordingly **DENIES** the motion to remand.

22  **II.  MOTION TO DISMISS**

23      Defendant also filed a motion to dismiss the complaint. Dkt. No. 4. Defendant contends
24  that Plaintiff has failed to state any cognizable claim for relief. *Id.* As Defendant notes, "[t]he
25  Complaint lacks basic information regarding Plaintiff's employment, including her job title,
26  location worked, and the reason for her employment ending, if it ended, and Defendant's conduct
27  as it relates to the claims asserted." *See id.* at 2. The Court agrees.
28  //

### A. Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

Additionally, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted). However, even a "liberal interpretation of a . . . complaint may not supply essential elements of the claim that were not initially pled." *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "[P]ro se litigants are bound by the rules of procedure," *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995), which require "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a).

### B. Discussion

Plaintiff's complaint simply alleges that from approximately July 2019 to July 2020 she "was continually subjected to unlawful employment practices, hostile environment, retaliated against on several occasions, sexually harassed and treated differently than other employees because of her race." *See* Compl. From this language, the Court assumes that Plaintiff intends to assert causes of action for (1) hostile work environment/sexual harassment; (2) racial discrimination; and discriminatory retaliation. It is not enough, however, to identify the causes of action. Plaintiff must also provide sufficient factual information to support each claim.

- To prevail on a hostile work environment claim under Title VII, Plaintiff must show: (1) she was subjected to verbal or physical conduct based on her protected characteristics; (2) the conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment. *See Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003), *as amended* (Jan. 2, 2004).

- To establish a prima facie case of discrimination, Plaintiff must show: (1) she was a member of a protected class; (2) she was qualified for the position sought or was competently performing the position held, or that he or she was capable of performing the essential functions of the job either with or without reasonable accommodation; (3) she suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances suggesting a discriminatory motive. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996).

- To prove a prima facie case of discriminatory retaliation, Plaintiff must show: (1) that she engaged in a protected activity; (2) she was subsequently subjected to an adverse employment action; and (3) a causal link exists between the protected activity and the employer's action. *See Dawson v. Entek Int'l*, 630 F.3d 928, 936 (9th Cir. 2011). "The causal link can be inferred from circumstantial evidence such as the employer's knowledge of the protected activities and the proximity in time between the protected activity and the adverse action." *Id.*

Here, the complaint does not provide any facts in support of Plaintiff's claims. Plaintiff does not allege that she was Defendant's employee or what position she allegedly held with Defendant. She does not allege that she is a member of a protected class. She does not allege that she was competently performing her position, and does not allege any facts suggesting that she was terminated under circumstances giving rise to racial discrimination. In opposition, Plaintiff provides some additional facts not included in her complaint in support of her claims. *See* Dkt.

4

No. 15. However, "district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint" on a motion to dismiss. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). To the extent that Plaintiff has specific facts about the nature of her claims against Defendant—including what happened and why she believes Defendant discriminated against her—she must include this information in her amended complaint.

### III.  CONCLUSION

Accordingly, the Court **DENIES** the motion to remand and **GRANTS** the motion to dismiss. Despite the deficiencies in the complaint that the Court identified above, the Court cannot say at this stage that amending the complaint would be futile. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("[A] pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("[A] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quotations omitted). Therefore, Plaintiff shall file any amended complaint by no later than November 7, 2022. Failure to file an amended complaint by this deadline may result in the dismissal of the action in its entirety without further leave to amend. In addition, Plaintiff's amended complaint will be dismissed if she does not correct the deficiencies the Court has identified in this order.

The Court notes that the Legal Help Center provides free information and limited-scope legal advice to pro se litigants in civil cases. Services are provided by appointment only. An appointment may be scheduled by calling (415) 782-8982 or emailing FedPro@sfbar.org.

**IT IS SO ORDERED.**

Dated: 10/6/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge